```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CAROL L. COUNCELL and CHARLES E. COUNCELL,

     Plaintiffs,

v.                                    Civil Action No. 5:11CV45
                                                                            (STAMP)
THE HOMER LAUGHLIN CHINA COMPANY,
aka HLC, aka HOMER LAUGHLIN,
aka FIESTAWARE, aka HOMER LAUGHLIN CHINA,
aka NEWELL BRIDGE AND RAILWAY CO.,

     Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

### I.  Background

On February 24, 2012, the plaintiffs in the above-styled civil action filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). In support of this motion, they argue that they seek dismissal in order "to avoid unnecessary entanglement in the plaintiffs' pending State Court claims" which are related to this case. This motion was filed despite the fact that this Court had previously informed the parties by letter of its intent to grant summary judgment in favor of the defendant, and its explicit direction that neither party file any further motions relating to that forthcoming ruling. See Letter to Counsel (ECF No. 104.).

The defendant filed a response to the plaintiffs' motion to dismiss, arguing that it opposes dismissal because the plaintiffs seek only to avoid summary judgment on the claims in this civil

action and to allow themselves the option to relitigate these claims by seeking dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The defendant further maintains that the plaintiffs have failed to demonstrate any of the factors necessary for Rule 41(a)(2) dismissal, and such dismissal would strongly prejudice the defendant. The Homer Laughlin China Company further requests that this Court grant attorney's fees and costs for the response to this motion.

In reply to the defendant's response, the plaintiffs say that they simply seek to dismiss this action to avoid memorandum opinion by this Court which may be "wrongfully" argued by the defendant in the related state court action as precluding certain arguments, when this Court did not consider the retaliatory discharge claims which are the subject of the plaintiffs' state court action.

## II.  Applicable Law

The Federal Rules of Civil Procedure provide that, after an opposing party has filed either an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss an action only by stipulation signed by all parties, or by court order. Fed. R. Civ. P. 41(a)(1). Court order should only be given "on terms that the court considers proper." Id. at (a)(2). Unless otherwise noted in the order, the dismissal is without prejudice. Id.

In determining whether the circumstances are proper for voluntary dismissal, a determination which lies within a district

court's discretion, focus must be placed "primarily on protecting the interests of the defendant." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). To grant voluntary dismissal without prejudice when "summary judgment is imminent" is improper. Id. at 1274. Further, prejudice to the defendant has even been found simply when time and effort have been expended to move for summary judgment. Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971).

### III. Discussion

This Court believes that it is clear that voluntary dismissal at this stage of this litigation is highly inappropriate for several reasons. First, dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) at this point would represent an abrogation of this Court's duty to provide the parties with a full explanation of its conclusions as to the proper resolution of the claims raised in this civil action. Additionally, such dismissal would result in unfair prejudice to the defendant's interests now and in the future.

Notwithstanding those findings, it is clear that this motion serves to avoid the negative ramifications that a memorandum opinion and order by this court granting summary judgment for the defendant may have on the plaintiffs' related state court actions. Concern for such ramifications is not an appropriate ground for granting the plaintiffs' motion.

Following the full briefing of the defendant's motion for summary judgment, this Court informed the parties that it intended to grant summary judgment for the defendant in this civil action, and that full memorandum opinion and order explaining this Court's ruling would follow.  The plaintiffs waited for this confirmation that their claims would be unsuccessful in this Court until they decided to file a motion to voluntarily dismiss.  If such a litigation strategy were permitted, the result would open the door to permitting plaintiffs to move from court to court, testing the waters of each court's opinion of their claims, then, when unfavorable results were imminent, voluntarily dismiss the case and avoid all ramifications of an unfavorable judgment, allowing the plaintiffs to try again until they received the result they desired.  If this Court permitted the option of such a strategy to appear open, it would be doing a disservice not only to this and other defendants, but to the goals of the federal judicial process as a whole.

The plaintiffs argue that they simply seek to avoid the supposed hassle of dealing with "unfair" and "wrongful" arguments that the defendant may raise in state court that the opinions of this Court regarding the claims before it preclude certain arguments from being litigated in the related state court action. This concern is not a reason to disregard the obvious prejudice to the defendant which would result from denying it the benefit of a

memorandum opinion and order granting summary judgment in its favor in this case.  The decision of whether or not any opinion expressed by this Court precludes any claims before the state court is a decision within the purview of the state court alone.  This is not a factor for this Court to consider with regard to this motion.

While, for the above-described reasons, it is perhaps tempting to grant the defendant attorney's fees and costs associated with the preparation of a response to this motion, this Court will stop short of making such an award.  The standard for granting attorney's fees and costs is a very high one.  This Court cannot say with certainty that the level of culpability of the plaintiffs rises to such a level as to make sanctions appropriate at this time.

## IV.  Conclusion

For the reasons described above, the plaintiffs' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) is DENIED.  Further, the defendant's motion for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 15, 2012

                                        <u>/s/ Frederick P. Stamp, Jr.</u>
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE