IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CAROL L. COUNCELL and CHARLES E. COUNCELL,

      Plaintiffs,

v.                                          Civil Action No. 5:11CV45
                                                        (STAMP)
THE HOMER LAUGHLIN CHINA COMPANY,
a/k/a HLC, a/k/a HOMER LAUGHLIN,
a/k/a FIESTAWARE,
a/k/a HOMER LAUGHLIN CHINA,
a/k/a NEWELL BRIDGE AND RAILWAY CO.,

      Defendant.


**MEMORANDUM OPINION AND ORDER
OVERRULING PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S BILL OF COSTS AND
AWARDING DEFENDANT COSTS AS SOUGHT**

I.  Background

On March 15, 2012, this Court awarded summary judgment in favor of the defendant in all claims brought in this case, and dismissed this civil action from the active docket of this Court. On April 4, 2012, the defendant filed, pursuant to Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.01, and Title 28, United States Code, Section 1920, a bill of costs, asking this Court to award it certain itemized litigation costs. The defendant's bill of costs was filed on this district's designated bill of costs form, along with schedules of costs A and B, each of which itemize the costs requested, and attach copies of itemized receipts for all costs sought. The bill of costs requests that costs and fees be taxed to the plaintiffs for the $350.00 fee of

the clerk for the removal of this case, and for costs associated with obtaining printed and/or electronic transcripts for use in this case.[1]   The total amount of costs requested is $4,957.60. Following the defendant's timely filing of this bill of costs, the plaintiffs filed objections to the same.   The defendant replied, offering retort to each of the plaintiffs' objections.

II.  <u>Applicable Law</u>

Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.01, and Title 28, United States Code, Section 1920 all provide that this Court may award certain fees and costs to the prevailing party in a civil action if a bill of such fees and costs is properly filed in the case.   Federal Rule of Civil Procedure 54(d) states that, "unless a federal statute, these rules, or a court order provides otherwise" such costs "should be allowed." The local rules of this district provide further requirements for proper filing of a bill of costs.   Those rules require that the bill of costs be prepared on the designated form "supplied by the clerk," and that the bill "contain an itemized schedule of costs documenting each separate cost and statement signed by counsel for the prevailing party that the schedule is correct and the charges were necessarily incurred."

---

[1]$1,324.00 for the transcripts of depositions of Pat Shreve, Joseph M. Wells, III and Eric Furbee; $1,006.10 for transcripts of two depositions of Ken McElhaney; $500.90 for a transcript of the deposition of Richard Brinkman; and $1,776.60 for transcripts of the depositions of the plaintiffs, Charles and Carol Councell.

2

Title 28, United States Code, Section 1920 designates the specific types of fees recoverable, and allows recovery of costs for "fees of the clerk and marshal" and for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The prevailing party bears the burden of demonstrating that the costs sought were "necessarily obtained for use in the case." See Ramonas v. W. Va. Univ. Hospitals-East, Inc., No. 3:08CV136, 2010 U.S. Dist. LEXIS 85537, *5-6 (N.D. W. Va. Aug. 19, 2010). Further, the determination of whether to award costs to the prevailing party in an action is within the sound discretion of the district court, and courts must assess the reasonableness of the costs requested with careful scrutiny.[2] Id. at *6. However, the language of Federal Rule of Civil Procedure 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party," and costs should only be denied for "good reason." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

## III.  Discussion

The plaintiffs' objections to the defendant's bill of costs argue that the defendant's filing is insufficient according to the

---

[2]The plaintiffs here do not contest the reasonableness of the amount sought or of any of the actual costs requested. Further, this Court finds that all of the costs requested are reasonable in nature and amount.

local rules because Schedule A and Schedule B are not signed[3] and because it does not satisfy the defendant's burden of showing that all costs were "necessarily obtained for use in the case."  28 U.S.C. § 1920.  Further, the plaintiffs claim that an award of costs in this case would be premature, because the deposition transcripts for which costs are requested by the defendant continue to be applicable, and are indeed being used, in a state court case between these parties that is ongoing at this time.  Finally, the plaintiffs contend that they are individuals of modest means while the defendant is a company much more able to absorb the costs of litigation.

Initially, the plaintiffs' contention that the defendant's filing is insufficient under the local rules is without merit. Local Rule of Civil Procedure 54.01, as quoted above, requires that a prevailing party file a bill of costs "within thirty (30) days after the entry of final judgment on Form AO 133 -- Bill of Costs -- supplied by the Clerk."  Both of these requirements have clearly been fulfilled.  The rule further requires that the prevailing party include "an itemized schedule of costs documenting each separate cost <u>and</u> a statement signed by counsel for the prevailing party that the schedule is correct and the charges were actually and necessarily incurred." (emphasis added).

---

[3]The plaintiffs acknowledge that the bill of costs itself is signed.

The defendant has provided two schedules of costs, Schedule A, which details that fee of the clerk for removal and attaches a receipt of the same, and Schedule B, which details the depositions for which transcripts were ordered and the cost of each, and attaches receipts for each transcript.   Further, although the schedules of costs are not themselves signed by counsel for the defendant with a statement averring that they are correct and "actually and necessarily incurred," the bill of costs contains such a signed statement.   The local rules do not require each schedule to be signed, but rather require that the schedules be filed <u>and</u> that a signed statement be filed.   Accordingly, the defendant has correctly filed its bill of costs pursuant to the local rules.

This Court also disagrees with the plaintiffs' assertion that the defendant has failed to meet its burden of showing that the costs requested for obtaining deposition transcripts were "necessarily obtained for use in the case."   Schedule B of the defendant's bill of costs itemizes costs for obtaining transcripts for eight depositions:

    1.   Pat Shreve;

    2.   Joseph M. Wells, III;

    3.   Eric Furbee;

    4.   Ken McElhaney;

    5.   Richard A. Brinkman in his individual capacity;

5

6.   Richard  A.  Brinkman  in  his  capacity  as representative of the defendant Homer Laughlin China Co.;

7.   Carol Councell; and

8.   Charles Councell.

It is not disputed that the transcripts of each and every one of these depositions were attached, at least in part, and largely in their entirety, to each of the parties' briefs of the defendant's motion for summary judgment.  It is also not disputed that each and every one of these depositions was heavily cited and referenced in both parties' briefs of the same.  The defendant also notes in its response to the plaintiffs' objections to its bill of costs that, with the exception of the plaintiffs Charles and Carol Councell's depositions, all of the depositions for which transcripts were purchased were noticed by the plaintiffs. Finally, the defendant also aver in its bill of costs that each of these transcripts were "necessarily incurred" in this action. Accordingly, the defendant has met its burden of showing that the costs sought were necessary to this litigation.

This Court also cannot decline to award costs to the defendant in this action simply because the plaintiffs state that they are of limited means.  While limited means of the plaintiffs is a factor which this Court may consider in determining whether to award costs, the plaintiffs do not provide any evidence of their limited means beyond assertions that in 2010, they made $41,000.00

combined, and that they have since struggled financially and have "had to rely on handouts from other family members." These unsupported statements alone give this Court no evidence of the plaintiffs' current financial status which could support a finding that awarding the defendant the costs requested would create an "element of injustice." Cherry, 186 F.3d at 446. Further, the United States Court of Appeals for the Fourth Circuit has endorsed awarding costs to prevailing parties even when the unsuccessful litigant in the case proceeded in forma pauperis.[4] Id. at 447. This serves as strong evidence that the burden for showing that limited financial needs merits the refusal to award costs is quite high, and the plaintiffs cannot sustain such a significant burden by presenting only unsupported contentions of "limited financial means." Id.

Also in Cherry, the Fourth Circuit found that reliance upon comparative economic means of the parties in determining whether to award fees is inappropriate because, "[s]uch a factor would almost always favor an individual plaintiff . . . over her employer defendant" and would "undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." Id. at 448. Accordingly, the defendant's ability to

---

[4]"In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

pay its own costs is also not a basis for this Court to refuse to award costs.

As a final matter, the ongoing state court matters between these parties are irrelevant to this Court's determination of matters in this case, which has proceeded to its conclusion in this Court independently of any matters continuing in other courts. Any stipulation of the parties in state court to use any of the materials used in this case may be considered by the state court in the case before it. Similarly, this Court is only charged with considering the matters before it in this case. Accordingly, any ongoing matters between these parties which are not currently before this Court will not be considered in the determination of whether to award costs and fees in this case.

V.   <u>Conclusion</u>

For the reasons stated above, the plaintiffs' objections to the defendant's bill of costs are OVERRULED. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.01, and Title 28, United States Code, Section 1920, the defendant is hereby awarded all costs requested in its bill of costs (ECF No. 112) in the total amount of $4,957.60. The Clerk is DIRECTED to enter an amended judgment order in this civil action which reflects this award.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     June 1, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE